UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
FEDERAL INSURANCE COMPANY,

                    Plaintiff,

           - against -

INFINITY Q CAPITAL MANAGEMENT,
SCOTT LINDELL, JAMES VELISSARIS,
LEONARD POTTER, HISHAM
ABDULRRAZEK, and SHAUN ROWATT,

                    Defendants.
------------------------------------------------------- x

Case No. _____

**COMPLAINT FOR INTERPLEADER**

## **INTRODUCTION**

1. Federal Insurance Company ("Chubb") files this interpleader action because it is subject to conflicting and competing adverse demands for the remaining limits of a $5 million Asset Management ProtectorSM policy that it issued to Infinity Q Capital Management ("Infinity Q").

2. Under the terms of the policy, payment of **Defense Costs** erodes the Limit of Liability.[1]

3. Chubb has already advanced $1,791,210.13 in covered **Defense Costs** to certain **Insureds**. In addition, Chubb reasonably believes that anticipated **Defense Costs** for covered matters submitted to date will likely exceed the $3,208,789.87 in remaining policy proceeds.

4. Moreover, as set forth more fully below, coverage counsel for one of the **Insureds** has demanded that Chubb preserve the remaining limits for his client because **Defense**

---

[1] Terms in bold are defined in the Policy, a true and correct copy of which is attached as Exhibit A without the premium bill.

{N1993203.1 }

**Costs** incurred by his client purportedly have priority under the policy. However, if Chubb accedes to the coverage counsel's demand, then Chubb potentially faces claims by one or more **Insureds** that such action will improperly erode the limited amount of remaining coverage available to pay for ongoing **Defense Costs**.

5. Stated bluntly, regardless of how Chubb tries to distribute the remaining policy proceeds, at least one **Insured** may assert claims against Chubb for improperly distributing the policy proceeds.

6. To permit all interested parties to present their claims to coverage in an orderly manner, Chubb hereby tenders the remaining policy proceeds to the Court and requests that the Court enter an injunction relieving Chubb of further liability under the policy issued to Infinity Q.

## PARTIES

7. Chubb is an Indiana corporation with its principal place of business in New Jersey.

8. Infinity Q is a Delaware limited liability company with its principal place of business at 888 7th Ave, Suite 3700, New York, NY 10106.

9. Scott Lindell is the Chief Risk Officer of Infinity Q. Upon information and belief, Mr. Lindell is a citizen of New York.

10. James Velissaris is the Director and former Chief Investment Officer of Infinity Q. Mr. Velissaris is a citizen of Georgia.

11. Leonard Potter is the Chief Executive Officer of Infinity Q. Mr. Potter is a citizen of New York.

12. Hisham Abdulrrazek is or was an employee of Infinity Q. Mr. Abdulrrazek is a citizen of New York.

13. Shaun Rowatt is or was an employee of Infinity Q. Mr. Rowatt is a citizen of New York.

## JURISDICTION AND VENUE

14. The remaining amount of the Policy limit, $3,208,789.87, exceeds the jurisdictional minimum of $500.00.

15. The minimal diversity requirements of 28 U.S.C. § 1335 are satisfied because two or more of the adverse claimants (*i.e.*, Defendants herein) are of diverse citizenship.

16. This Court thus has jurisdiction over this action under 28 U.S.C. § 1335 because there are two or more adverse claimants of diverse citizenship who demand or may demand the right to payment of money in excess of $500.00 that is in the custody or possession of Chubb. By motion filed herewith under Local Rule 67.1, Chubb seeks leave to deposit $3,208,789.87 into the registry of the Court for deposit by the Clerk in an interest-bearing account.

17. In the alternative, this Court has jurisdiction over this action under Federal Rule of Civil Procedure 22 because Chubb is diverse from each claimant and the amount in controversy exceeds $75,000.

18. This Court has personal jurisdiction over each defendant named herein under 28 U.S.C. §§ 1335 and 2361 and Federal Rule of Civil Procedure 4.

19. Venue is proper in this district under 28 U.S.C. § 1397 because one or more of the claimant-defendants reside in this district, including, at minimum, Defendant Hisham Abdulrrazek. Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to the claim occurred in this district. Among other things, two of the underlying actions described below are currently pending in this judicial district.

## THE POLICY

20. Chubb issued Asset Management Protector Policy Number 8251-9651 (the "Policy") to Infinity Q for the period of August 20, 2020 to August 20, 2021. Policy, Declarations, Items 1 & 2. The Policy has a $5 million Maximum Aggregate Limit of Liability, inclusive of **Defense Costs**. *Id*., Declarations, Item 3. Pursuant to the terms of the Policy, the Limit of Liability to pay damages or settlements will be reduced and may be exhausted by the payment of **Defense Costs**. *Id*., Declarations, as amended by End. No. 4 ("THE LIMIT OF LIABILITY AVAILABLE TO PAY '**LOSS**' WILL BE REDUCED, AND MAY BE COMPLETELY EXHAUSTED, BY THE PAYMENT OF '**DEFENSE COSTS**' AND '**DEFENSE COSTS**' WILL BE APPLIED AGAINST THE RETENTION AMOUNT.").

21. Subject to its complete terms and conditions, the Policy affords specified coverage for **Loss** which an **Investment Adviser** becomes legally obligated to pay on account of any **Claim** first made against such **Investment Adviser** during the **Policy Period** for a **Wrongful Act** in the performance of or failure to perform **Investment Adviser Services** for or on behalf of an **Investment Fund**. *Id*., Professional Liability Coverage Part, Section I.B.

22. Infinity Q, Scott Lindell, James Velissaris, Leonard Potter, Hisham Abdulrrazek, and Shaun Rowatt are **Investment Advisers** under the Policy. *See id.*, Professional Liability Coverage Part, Section II.I. The **Investment Advisers**, who are natural persons, are **Insured Persons**. *Id.*

23. The Policy defines **Defense Costs** as "that part of **Loss** consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries, fees or benefits of any **Insured Person**) incurred in defending any **Claim** and the premium for appeal, attachment or similar bonds." *Id.*, Professional Liability Coverage Part, Section II(C).

24. The Policy contains a Priority of Payments provision, which provides:

> In the event of **Loss** for which payment is due under this Policy but which **Loss**, in the aggregate, exceeds the remaining available Limit of Liability for the Policy or Coverage Part under which such **Loss** is payable, the Company shall:
>
> (A) first pay any **Non-indemnifiable Loss** and any **Loss** for which coverage is due to a **Plan** under the Fiduciary Liability Coverage Part, if purchased; and
>
> (B) then to the extent of any remaining amount of the Limit of Liability available after payment under (A) above, pay such other **Loss** for which coverage is provided under any other Insuring Clause in the Policy.
>
> Except as otherwise provided in this Section IX., the Company may pay **Loss** as it becomes due without regard to the potential for other future payment obligations under this Policy.

*Id.*, General Terms and Conditions, Section IX.

25. The Policy defines **Non-indemnifiable Loss** as:

> **Loss** under any Coverage Part other than the Fiduciary Liability Coverage Part, if purchased, which an **Insured Person** becomes legally obligated to pay on account of any **Claim**, for which an **Insured Entity** fails to indemnify such **Insured Person** and:
>
> (1) such **Insured Entity's** failure to indemnify is a result of such **Insured Entity's** insolvency; or
>
> (2) the **Insured Entity** is not permitted to indemnify such **Insured Person** pursuant to statutory law.
>
> *Id.*, General Terms and Conditions, Section II(R).

26. The Policy provides that "[i]t shall be the duty of the **Insured** and not the duty of the Company to defend **Claims** made against the **Insured**." *Id.*, General Terms and Conditions, Section VII.A.

## THE INSUREDS' REQUESTS FOR PAYMENTS UNDER THE POLICY

27. Infinity Q operated as an investment adviser and was founded by James Velissaris. On February 22, 2021, Infinity Q filed a request with the SEC for an order pursuant to Section 22(e)(3) of the Investment Company Act of 1940 suspending the right of redemption with respect to shares of the Infinity Q Diversified Alpha Fund, effective February 19, 2021, because of Infinity Q's inability to determine net asset value. The request also stated that the Infinity Q Diversified Alpha Fund was liquidating its portfolio and distributing its assets to shareholders.

28. The Defendants have made a number of requests for coverage for various governmental investigations and civil actions arising from these circumstances, certain of which are outlined below.

### The SEC Investigation

29. By letter dated May 6, 2021, Chubb accepted coverage under the Policy for Infinity Q and **Insured Persons** for an investigation by the U.S. Securities and Exchange Commission (the "SEC Investigation"), subject to a reservation of rights, and agreed to pay **Defense Costs** incurred by Infinity Q and any **Insured Persons** in defense of the SEC Investigation.

30. Infinity Q retained Milbank LLP ("Milbank") to defend it in connection with the SEC Investigation.

31. Chubb has paid amounts constituting **Defense Costs** that have been incurred by Infinity Q in the SEC Investigation.

32. Infinity Q continues to request that Chubb advance **Defense Costs** that it incurs in connection with the SEC Investigation.

### **The Consolidated Securities Class Action**

33. On April 16, 2020, a consolidated securities class action was filed against Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris, among others, styled *In re Infinity Q Diversified Alpha Fund Securities Litigation*, No. 651295/2021 (N.Y. Sup. Ct.) (the "Consolidated Securities Class Action"). The consolidated securities class action includes the following two cases: (1) *Hunter v. Infinity Q Diversified Alpha Fund*, No. 651295/2021 (N.Y. Sup. Ct.) (originally filed February 24, 2021); and (2) *Rosenstein v. Trust for Advised Portfolios*, No. 651302/2021 (N.Y. Sup. Ct.) (originally filed February 25, 2021).

34. By letter dated May 6, 2021, Chubb accepted coverage under the Policy for Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris for the Consolidated Securities Class Action, subject to a reservation of rights, and agreed to pay **Defense Costs** incurred by Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris in defense of the Consolidated Securities Class Action.

35. Infinity Q and Leonard Potter retained Milbank to defend them in connection with the Consolidated Securities Class Action.

36. Scott Lindell retained Petrillo Klein & Boxer LLP ("Petrillo Klein") to defend him in connection with the Consolidated Securities Class Action.

37. James Velissaris retained Gibson, Dunn & Crutcher LLP ("Gibson Dunn") to defend him in connection with the Consolidated Securities Class Action.

38. Chubb has paid amounts constituting **Defense Costs** that have been incurred by Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris in the Consolidated Securities Class Action.

39. Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris continue to request that Chubb advance **Defense Costs** that they incur in the Consolidated Securities Class Action.

40. The fees and costs of defending Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris in the Consolidated Securities Class Action alone are likely to exceed the remaining Limit of Liability of the Policy.

### The Yang Securities Class Action

41. On February 26, 2021, a securities class action was filed against Infinity Q, Leonard Potter, and James Velissaris, among others, styled *Yang v. Trust for Advised Portfolios*, No. 1:21-cv-01047 (E.D.N.Y.) (the "Yang Securities Class Action").

42. By letter dated May 6, 2021, Chubb accepted coverage under the Policy for Infinity Q, Leonard Potter, and James Velissaris for the Yang Securities Class Action, subject to a reservation of rights, and agreed to pay **Defense Costs** incurred by Infinity Q, Leonard Potter, and James Velissaris in defense of the Yang Securities Class Action.

43. Infinity Q and Leonard Potter retained Milbank to defend them in connection with the Yang Securities Class Action.

44. James Velissaris retained Gibson Dunn to defend him in connection with the Consolidated Securities Class Action.

45. Chubb has paid amounts constituting **Defense Costs** that have been incurred by Infinity Q, Leonard Potter, and James Velissaris in the Yang Securities Class Action.

46. Infinity Q, Leonard Potter, and James Velissaris continue to request that Chubb advance **Defense Costs** that they incur in the Yang Securities Class Action.

47. The fees and costs alone of defending Infinity Q, Leonard Potter, and James Velissaris in the Yang Securities Class Action are likely to exceed the remaining Limit of Liability of the Policy.

### The Oak Securities Class Action

48. On June 8, 2021, an opt-out securities action was filed against, among others, Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris, styled *Oak Financial Group, Inc. v. Infinity Q Diversified Alpha Fund*, 1:21-cv-03249 (E.D.N.Y.) (the "Oak Securities Action").

49. By letter dated July 12, 2021, Chubb accepted coverage under the Policy for Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris for the Oak Securities Action, subject to a reservation of rights, and agreed to pay **Defense Costs** incurred by the Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris in defense of the Oak Securities Action.

50. Infinity Q and Leonard Potter retained Milbank to defend them in connection with the Oak Securities Action.

51. Scott Lindell retained Petrillo Klein to defend him in connection with the Oak Securities Action.

52. James Velissaris retained Gibson Dunn to defend him in connection with the Oak Securities Action.

53. Chubb has paid amounts constituting **Defense Costs** that have been incurred by Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris in the Oak Securities Action.

54. Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris continue to request that Chubb advance **Defense Costs** that they incur in the Oak Securities Action.

55. The fees and costs alone of defending Infinity Q, Scott Lindell, Leonard Potter, and James Velissaris in the Oak Securities Action are likely to exceed the remaining Limit of Liability of the Policy.

**Dispute Regarding Priority of Payments of Defense Costs under the Policy**

56. By letter dated July 12, 2021, Gilbert LLP, coverage counsel for James Velissaris, demanded that Mr. Velissaris' **Defense Costs** be paid first in accordance with the Policy's Priority of Payments provision. Specifically, Gilbert LLP stated that (1) Mr. Velissaris is not receiving indemnification payments from Infinity Q for his **Defense Costs**; (2) Mr. Velissaris' **Defense Costs** therefore must be treated as **Non-Indemnifiable Loss** under the Policy; and (3) "[g]iven the seeming inevitability that Loss implicating the Policy will exceed the aggregate limit, Mr. Velissaris' **Defense Costs** must be paid first in accordance with the Policy's Priority of Payments clause, before other **Loss** covered by the Policy can be paid." *See* Exhibit B (bold font added). Gilbert LLP has demanded that the entire remainder of the Policy be reserved for Mr. Velissaris' **Defense Costs**.

57. By letter dated July 27, 2021, Cohen Ziffer Frenchman & McKenna ("Cohen Ziffer"), coverage counsel for Infinity Q, disagreed with Gilbert LLP's position. Cohen Ziffer stated, among other things, that (1) Infinity Q has not refused to indemnify Mr. Velissaris; and (2) even if Infinity Q had refused to indemnity Mr. Velissaris, Mr. Velissaris cannot invoke the Priority of Payments provision because **Defense Costs** incurred by Mr. Velissaris do not constitute **Non-indemnifiable Loss** because **Loss** only becomes **Non-indemnifiable Loss** if Infinity Q fails to indemnify Mr. Velissaris because it is either (a) insolvent or (b) not permitted to indemnify Mr. Velissaris – which is not the case here. Cohen Ziffer further stated that, regardless, Mr. Velissaris cannot preemptively invoke the Priority of Payments provision without

demonstrating that there is a payment due under the Policy that exceeds the remaining available limit.  *See* Exhibit C.

### INTERPLEADER

58. Chubb has named as defendants herein all persons or entities who have sought payments under the Policy in connection with the defense of any matters, without regard to whether Chubb believes assertions that such payments would be covered are meritorious.  Accordingly, all parties who currently assert or are likely to assert entitlement to Policy proceeds for the defense of any matter will be before the Court upon service of this Complaint.

59. As set forth above, Chubb reasonably anticipates that it will be subject to vexatious litigation and/or inconsistent obligations with respect to the remaining $3,208,789.87 Limit of Liability under the Policy.  Mr. Velissaris likely will contend that the entire remainder of the Policy should be reserved for Mr. Velissaris' **Defense Costs** under the Policy's Priority of Payments provision.  Infinity Q likely will contend that the Priority of Payments provision does not apply to Mr. Velissaris' **Defense Costs** and Chubb must "pay **Loss** as it becomes due without regard to the potential for other future payment obligations under this Policy."  *See* Policy, General Terms and Conditions, Section IX.

60. Contemporaneously with the filing of this Complaint, Chubb has filed a motion under Local Rule 67.1 seeking leave of this Court to deposit the Policy's remaining $3,208,789.87 Limit of Liability into the Court's registry for deposit by the Clerk into an interest bearing account.

### COUNT I—STATUTORY INTERPLEADER

61. Chubb incorporates by reference each of the allegations set forth above.

62. As set forth above, two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to the proceeds of the Policy, and Chubb seeks leave to deposit the remaining Policy proceeds with the registry of the Court for deposit by the Clerk in an interest bearing account.

63. The claimants dispute among themselves their entitlement to use of the Policy proceeds to defend and/or resolve any of the matters against them.

64. Chubb faces the immediate threat of multiple, competing claims to the Policy's $5 million maximum aggregate Limit of Liability.

65. Chubb therefore asks the Court to resolve the competing claims to Policy proceeds.

66. Under 28 U.S.C. § 1335, Chubb is entitled to be discharged from further liability with respect to the proceeds of the Policy.

67. Under 28 U.S.C. § 2361, the Court should enjoin all claimants from instituting or prosecuting any proceeding in any State or United States court affecting the Policy proceeds until further order of this Court and discharge Chubb from further liability to any of the defendants related to the Policy proceeds.

## COUNT II—RULE INTERPLEADER

68. Chubb incorporates by reference the allegations set forth above.

69. In the alternative, to the extent 28 U.S.C. §§ 1335 and 2361 may be found not to apply, Chubb, as set forth above, is entitled to interplead the remaining proceeds of the Policy under Federal Rule of Civil Procedure 22.

70. As set forth above, two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to the proceeds of the Policy, and Chubb seeks leave to deposit the remaining Policy proceeds with the registry of the Court.

71. The claimants dispute among themselves their entitlement to use of the Policy proceeds to defend and/or resolve any of the matters against them.

72. Chubb faces the immediate threat of multiple, competing claims to the Policy's $5 million maximum aggregate Limit of Liability.

73. Chubb therefore asks the Court to resolve the competing claims to Policy proceeds.

74. Pursuant to Federal Rule 22, Chubb is entitled to be discharged from further liability with respect to the proceeds of the Policy.

## **RELIEF REQUESTED**

75. Upon service of process of each defendant named herein, and upon its depositing of the remaining $3,208,789.87 Limit of Liability into the registry of this Court for deposit by the Clerk into an interest bearing account, Chubb respectfully requests that the Court enter judgment: (a) discharging Chubb from any further liability to any person or entity with respect to the proceeds of the Policy; (b) ordering the claimant-defendants to interplead their rights, if any, to such proceeds; (c) adjudicating the claimant-defendants' respective rights and obligations with respect to the deposited stake; (d) enjoining any person from instituting or prosecuting any action against Chubb in any court with respect to the proceeds of the Policy; (e) granting any other relief necessary to effectuate the purposes of interpleader; and (f) granting any other relief that may be proper.

Dated:    New York, New York
           October 14, 2021

                                      Respectfully Submitted,

                                      By: /s/ *Jan H. Duffalo*
                                      Jan H. Duffalo (JHD-1424)
                                      London Fischer LLP
                                      59 Maiden Lane
                                      New York, NY 10038
                                      (914) 267-7980
                                      jduffalo@londonfischer.com

                                      *Counsel for Plaintiff*
                                      *Federal Insurance Company*


*Of Counsel*:
David H. Topol
Matthew W. Beato
Anna J. Schaffner
WILEY REIN LLP
1776 K Street, NW
Washington, DC  20006
202.719.7000